UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BOBBY RICHARDSON,<br><br>Plaintiff,<br><br>v.<br><br>U.S. DEPARTMENT OF JUSTICE, et al.,<br><br>Defendants. | Civil Action No. 17-1181 (JDB) |

## MEMORANDUM OPINION

Plaintiff Bobby Richardson brought this action pro se under the Freedom of Information Act (FOIA), 5 U.S.C. § 552, and the Privacy Act, 5 U.S.C. § 552a, against defendants Department of Justice (DOJ) and the Executive Office for United States Attorneys (EOUSA) seeking documents pertaining to his 2009 felony convictions. The government now moves for summary judgment, asserting that it has conducted an adequate and reasonable search for documents responsive to his request and has provided all available relevant records, excepting certain materials withheld pursuant to exemptions asserted under FOIA. In opposition, Richardson directly challenges neither the adequacy of the search nor the appropriateness of the government's redactions. Instead, he alleges that the records produced contain falsified information and requests "deposition[s] by written questions" to test their veracity. For the reasons explained below, the Court will grant the government's motion for summary judgment.

## BACKGROUND

On August 6, 2008, a confidential informant made a controlled buy of heroin from Richardson on behalf of the Petersburg Bureau of Police. United States v. Richardson, No. 3:09-CR-15, 2013 WL 3991474, at *1 (E.D.Va. Aug. 2, 2013). Richardson was arrested for charges

1

relating to this event, including drug possession and distribution, firearm possession by a convicted felon, and multiple counts of counterfeiting U.S. currency. Id. at *2. In 2009, he was convicted by a jury of all counts. Id. The Fourth Circuit denied his appeal, and in 2013, the Eastern District of Virginia denied his habeas petition under 28 U.S.C. § 2255. See id. at *2, *19.

On March 19, 2015, Richardson submitted a FOIA request to EOUSA seeking information about his criminal case. See Decl. of Vinay J. Jolly ("Jolly Decl."), Ex. 5 to Defs.' Mot. for Summ. J. [ECF No. 15-5] ¶ 4; see also Ex. A to Jolly Decl. at 7–8.[1] He specifically requested all "records," "files," "recordings," "surveillance," "cell phone records," "[b]ills," and "[a]ny and [a]ll witnesses that may have been paid in the aid of . . . prosecution [of him]." Ex. A to Jolly Decl. at 7–8. After being informed that the request was procedurally deficient, he filed a new request with EOUSA on April 28, 2015, this time requesting from the U.S. Attorney's Office for the Eastern District of Virginia (USAO-EDVA) copies of witness interviews with law enforcement personnel and all "pre-trial and post-trial discovery" pertaining to his criminal case. See Exs. B & C. to Jolly Decl. at 9–14. On June 5, 2015, EOUSA notified Richardson that it had received his request and denied it insofar as it sought information concerning third parties, the disclosure of which would violate the Privacy Act. See Ex. E. to Jolly Decl. at 19–20. In response, on August 31, 2015, Richardson modified his request to seek from the USAO-EDVA only certain police and computer aided dispatch reports relating to his criminal case. See Ex. F. to Jolly Decl. at 22.[2] The request was then referred to the Richmond USAO office. See Decl. of Ann S. Helms ("Helms Decl."), Ex. 4 to Defs.' Mot. for Summ. J. [ECF No. 15-4] ¶¶ 2–3.

---

[1] The declarations proffered by the government include attached exhibits. For ease of reference, the Court's citations refer to the page of the declaration PDF rather than the page of the individual declaration exhibit.

[2] Richardson also alleges that he filed a FOIA request with USAO-EDVA on November 3, 2009 requesting phone records, witness interviews, and other documents relating to his criminal case. Compl. [ECF No. 1] at 2; see also Ex. 1 to Compl. [ECF No. 1-2]. Because the initial date of Richardson's requests and the timeliness of the government's response are not relevant to the Court's analysis of whether the government has now satisfied its obligations under FOIA, the Court will only consider Richardson's operative request made on August 31, 2015.

After two inquiries from Richardson regarding the status of his request, see Jolly Decl. ¶¶ 11, 16—as well as one failed attempt to obtain the documents through the administrative appeal process, see id. ¶¶ 13–14—on May 10, 2017, USAO-EDVA initiated a search for documents responsive to his FOIA request, see Helms Decl. ¶ 4. Ann S. Helms, who serves as the FOIA coordinator at the USAO-EDVA office in Richmond, searched the Legal Information Office Network System ("LIONS"), which is an electronic "case management database that allows each USAO to maintain, track, and report information" on its cases. Id. ¶¶ 1, 4. Using Richardson's first and last name, Helms identified his criminal case record, which was linked to a physical case file. Id. ¶ 4. Helms then retrieved his physical case file from USAO-EDVA's archives and reviewed it for responsive documents. See id. ¶¶ 4–5.

One month later, Richardson filed the instant action. Thereafter, on August 16, 2017, USAO-EDVA sent 36 pages of potentially responsive documents from Richardson's case file to EOUSA for final processing. Helms Decl. ¶ 6. EOUSA then notified Richardson that his FOIA request had been processed and EOUSA had identified potentially responsive documents within USAO-EDVA's records, all originating from the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF). See Ex. N. to Jolly Decl. at 39–40. EOUSA referred the records to ATF for review, see Ex. O to Jolly Decl. at 41–42, and on September 15, 2017 ATF released, in part, the responsive records to Richardson. Decl. of Peter J. Chisholm, Acting Chief, Disclosure Div., ATF ("Chisholm Decl."), Ex. 3 to Defs.' Mot for Summ. J. [ECF No. 15-3] ¶ 5; Ex. C to Chisholm Decl. at 18. ATF withheld portions of 34 of the 36 documents pursuant to 5 U.S.C. § 552(b)(6), which exempts from disclosure certain information contained in personnel and medical files, and (b)(7)(C), which exempts certain information contained in records compiled for law enforcement purposes. See ATF Vaughn Index ("Vaughn Index"), Ex. 6 to Mot. for Summ. J. [ECF No. 15-6].

The government then moved for summary judgment, asserting that it had conducted an adequate and reasonable search and had produced all responsive documents not subject to applicable FOIA exemptions. See Mem. of P. & A. in Supp. of Defs.' Mot. for Summ. J. [ECF No. 15-1].

After receiving materials from ATF, Richardson filed a notice with the Court asking EOUSA for supplemental discovery, arguing that "in some material respect, the [agency's] disclosure or response is incomplete or incorrect." See Pl.'s Supplementing Disclosures & Resp. Fed R. Civ. P. 26 ("Rule 26 Stmt.") [ECF No. 14] at 1. He asserted that EOUSA failed to disclose requested CDs and documents pertaining to two dispatch calls and one incident report and challenged the withholding of the names of certain police officers. Id. at 2–3; see also Failure to Make Disclosures or to Cooperate in Disc.; Mot. for Sanctions Under Rule 37 ("Mot. to Compel") [ECF No. 21] at 1 (asking the Court to compel EOUSA to produce investigative report). Richardson also moved the Court for leave to depose by written questions personnel at the Petersburg Police Department, USAO-EDVA in Richmond, and ATF. See Pl.'s Mot. for Deps. by Written Questions Fed. R. Civ. P. 31 [ECF No. 16] at 2. The Court denied Richardson's motions for discovery and issued an order informing him of his obligation to respond to the government's pending motion for summary judgment, pursuant to Fox v. Strickland, 837 F.2d 507, 509 (D.C. Cir. 1988), and Neal v. Kelly, 963 F.2d 453, 456 (D.C. Cir. 1992). See Nov. 6, 2017 Order [ECF No. 17] at 1–4; Mar. 23, 2018 Min. Order.

Richardson filed an opposition to the government's motion, asserting again that he is entitled to depose certain law enforcement individuals who were involved in his criminal case. See Opp'n to Summ. J. ("Pl.'s Opp'n") [ECF No. 18] at 1. Unlike in his motions for discovery, he does not contest the adequacy of the government's search or challenge the withholdings. He instead disputes the veracity of the contents of the produced documents, alleging that the records

4

were fraudulently created by the Petersburg Police Department and provided to ATF during Richardson's criminal case. See id. at 3. "In summary," Richardson asserts he is "fighting against elements of the Petersburg Police Department [and ATF] which have gone above and beyond to take preventative measures to conceal the truth." Id. at 11. Noting that "defendant[s] . . . simply cannot provide any more discovery," he asks the Court to review the documents ATF produced in camera and grant him leave to take written depositions. Id. at 4–5, 10–11. The government's motion for summary judgment is now fully briefed and ripe for decision.

## **LEGAL STANDARD**

Summary judgment is only appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A dispute is "genuine" only if a reasonable fact-finder could find for the non-moving party and a fact is "material" only if it can affect the outcome of the litigation. Holcomb v. Powell, 433 F.3d 889, 895 (D.C. Cir. 2006) (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247–48 (1986)). In determining whether a genuine issue of material fact exists, the Court must "view the facts and draw reasonable inferences 'in the light most favorable to the party opposing the [summary judgment] motion.'" Scott v. Harris, 550 U.S. 372, 378 (2007) (citation omitted). If, however, the movant shows that "there is an absence of evidence to support the nonmoving party's case," judgment should be entered in the movant's favor. Durant v. D.C. Gov't, 875 F.3d 685, 696 (D.C. Cir. 2017) (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986)), cert. denied sub nom., Durant v. District of Columbia, 138 S.Ct. 2608 (2018). Even where the nonmovant party fails to respond to the motion for summary judgment, or portions thereof, the Court "must determine for itself that there is no genuine dispute as to any material fact and that the movant is

5

entitled to judgment as a matter of law." Winston & Strawn, LLP v. McLean, 843 F.3d 503, 509 (D.C. Cir. 2016).

**DISCUSSION**

Although Richardson does not contest in his opposition the sufficiency of the government's response to his request, the Court will not treat the issues of the adequacy of the agency search and the appropriateness of the redactions as conceded. First, "[a] document filed pro se is 'to be liberally construed.'" Hill v. Assocs. for Renewal in Educ., Inc., 897 F.3d 232, 237 (D.C. Cir. 2018) (quoting Erickson v. Pardus, 551 U.S. 89, 94 (2007)). Although Richardson does not dispute the adequacy of USAO-EDVA's search for responsive documents or challenge the redactions made by ATF pursuant to FOIA exemptions in his opposition brief—and indeed appears to concede that EOUSA is unable to provide any additional "discovery"—he did challenge the sufficiency of the agencies' production in motions and documents he filed with the Court requesting additional discovery. See, e.g., Mot. to Compel at 2–3; Rule 26 Stmt. at 2. Second, the government bears the burden of demonstrating that summary judgment is warranted. See Weisberg v. U.S. Dep't of Justice, 745 F.2d 1476, 1485 (D.C. Cir. 1984). Hence, the Court will consider both the adequacy of USAO-EDVA's search and whether ATF properly withheld responsive records pursuant to applicable exemptions under FOIA.

### I.  USAO-EDVA'S SEARCH FOR RESPONSIVE DOCUMENTS WAS ADEQUATE

To satisfy its burden on a motion for summary judgment, the government "agency must demonstrate that it has conducted a search reasonably calculated to uncover all relevant documents." Peavey v. Holder, 657 F. Supp. 2d 180, 187 (D.D.C. 2009) (quoting Weisberg, 745 F.2d at 1485). It must show that its search for responsive records "us[ed] methods which can be reasonably expected to produce the information requested." Campbell v. U.S. Dep't of Justice,

6

164 F.3d 20, 27 (D.C. Cir. 1998) (quoting Oglesby v. U.S. Dep't of Army, 920 F.2d 57, 68 (D.C. Cir. 1990)).  A search does not have to be exhaustive, and an agency may limit its search to those locations where responsive documents are likely maintained.  See Porter v. CIA, 778 F. Supp. 2d 60, 69 (D.D.C. 2011) (citing Oglesby, 920 F.2d at 68).  "[W]hether a search is adequate is determined by methods, not results[;] [a]n agency's failure to locate a specific responsive document will not, on its own, render an otherwise reasonable search inadequate."  Nance v. FBI, 845 F. Supp. 2d 197, 201 (D.D.C. 2012).

An agency may demonstrate it has conducted an adequate search through affidavits or declarations that explain in reasonable detail the scope and method of the search and that are submitted in good faith.  See Morley v. CIA, 508 F.3d 1108, 1116 (D.C. Cir. 2007).  "Agency declarations . . . are afforded a presumption of good faith" that "can be rebutted only 'with evidence that the agency's search was not made in good faith.'"  Defs. of Wildlife v. U.S. Dep't of Interior, 314 F. Supp. 2d 1, 8 (D.D.C. 2004) (citation omitted).  "In the absence of contrary evidence, such affidavits or declarations are sufficient to demonstrate an agency's compliance with FOIA."  North v. U.S. Dep't of Justice, 774 F. Supp. 2d 217, 222 (D.D.C. 2011) (citing Perry v. Block, 684 F.2d 121, 127 (D.C. Cir. 1982)).  However, "if the record leaves substantial doubt as to the sufficiency of the search, summary judgment for the agency is not proper."  Beltranena v. Clinton, 770 F. Supp. 2d 175, 183 (D.D.C. 2011) (quoting Truitt v. U.S. Dep't of State, 897 F.2d 540, 542 (D.C. Cir. 1990)).

Here, there is no doubt as to the adequacy of USAO-EDVA's search.  In support of its motion, the government submitted the declaration of Helms, who personally searched USAO-EDVA's database for records responsive to Richardson's August 31, 2015 request.  As the FOIA coordinator for the Richmond office of USAO-EDVA, Helms had previously used and was

familiar with the LIONS electronic case management database. Helms Decl. ¶ 4. LIONS maintains information on cases prosecuted by USAO-EDVA, but does not itself contain any documents from a particular case. See id. Helms avers that therefore Richardson's "physical case file was the only location [in which] responsive records were likely to be found." Id. Using Richardson's first and last name, Helms located his case number on LIONS and pulled the corresponding physical case file from USAO-EDVA's archives. Id. ¶¶ 4–5. She reviewed each item in his physical file and identified police and ATF reports that were responsive to Richardson's FOIA request, but did not locate any recordings. Id. ¶ 5. Helms then "forwarded all potentially responsive documents to EOUSA[]." Id. ¶ 6.

Helm's declaration is sufficient to establish that USAO-EDVA conducted searches reasonably calculated to return all relevant information. It describes USAO-EDVA's LIONS database and the information it contained, and explains why any documents responsive to Richardson's request would be in the physical file for his case. Id. ¶ 4. The affidavit also describes Helm's acquisition and review of the physical case file. Id. ¶ 5. The affidavit is reasonably detailed, and the Court finds that it adequately describes USAO-EDVA's search process.

Richardson fails to "offer evidence of circumstances sufficient to overcome [this] adequate agency affidavit." Iturralde v. Comptroller of Currency, 315 F.3d 311, 315 (D.C. Cir. 2003). Although he has alleged that EOUSA failed to disclose an incident report and recordings and documents related to two dispatch calls, see Mot. to Compel at 1–2; Rule 26 Stmt. at 2, he does not allege that USAO-EDVA "failed to search particular offices or files where the document[s] might well have been found," Iturralde, 315 F.3d at 315. USAO-EDVA could appropriately limit its search to Richardson's case file, where it was likely the responsive documents would be found. See Porter, 788 F. Supp. 2d at 69. Richardson has offered neither any basis nor any evidence to

conclude that the search was inadequate or that the affidavit was submitted in bad faith.[3] Therefore, the Court finds that USAO-EDVA's search was reasonable.

## II. ATF PROPERLY WITHHELD INFORMATION EXEMPTED FROM DISCLOSURE

### A. Withholding Information Subject to Exemption § 552(b)(6) and (b)(7)(C)

The government has also established that it properly withheld records pursuant to 5 U.S.C. §§ 552(b)(6) ("Exemption 6") and (b)(7)(C) ("Exemption 7(C)").[4] Exemption 6 applies to "personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy." 5 U.S.C. § 552(b)(6). Exemption 7(C) protects against the disclosure of "records or information compiled for law enforcement purposes" if such disclosure "could reasonably be expected to constitute an unwarranted invasion of personal privacy." 5 U.S.C. § 552(b)(7)(C). Although the Exemptions differ in "the magnitude of the public interest that is required to override the respective privacy interests protected by the exemptions," "the privacy inquiry for each is 'essentially the same.'" Seized Prop. Recovery Corp. v. U.S. Customs & Border Prot., 502 F. Supp. 2d 50, 56 (D.D.C. 2007) (emphasis and citations omitted). Because Exemption 7(C) is "somewhat broader" than Exemption 6, "[if] the information withheld here was 'compiled for law enforcement purposes,'" the Court need not "consider Exemption 6 separately because all information that would fall within the scope of Exemption 6 would also be immune from disclosure under Exemption 7(C)." Roth v. U.S. Dep't of Justice, 642 F.3d 1161, 1173 (D.C. Cir. 2011).

---

[3] Richardson avers that the produced documents were originally falsified by the Petersburg Police Department and provided to ATF in the course of his criminal case. See Pl.'s Opp'n at 3. These allegations do not bear on whether USAO-EDVA's search for these documents was made and attested to in good faith. Moreover, these allegations are premised on the fact that USAO-EDVA produced certain records which he claims are absent from the Petersburg Police Department's database—not that USAO-EDVA failed to produce responsive records that it should have released. See id. at 4–5.

[4] Richardson also sought records under the Privacy Act. Because, as described below, the Court finds that the records here were properly withheld pursuant to FOIA exemptions, it will not address any exemptions that could have theoretically been invoked under the Privacy Act.

In determining whether withholding the information is proper, a court must balance the privacy interests in nondisclosure against the public interest in "shed[ding] light on an agency's performance of its statutory duties." U.S. Dep't of Justice v. Reporters Comm. for Freedom of the Press, 489 U.S. 749, 773 (1989) (citation omitted). Information need not be particularly intimate to merit protection. The exemption "has been construed broadly to cover essentially all information sought from Government records that 'appl[y] to a particular individual,'" Pinson v. U.S. Dep't of Justice, 202 F. Supp. 3d 86, 99 (D.D.C. 2016) (quoting U.S. Dep't of State v. Wash. Post Co., 456 U.S. 595, 602 (1982)), including "bits of personal information, such as names and addresses," that, if released, "would 'create[ ] a palpable threat to privacy,'" Prison Legal News v. Samuels, 787 F.3d 1142, 1147 (D.C. Cir. 2015) (citation omitted).

Where substantial privacy issues are present, to overcome the invoked exemption a plaintiff "must show that the public interest sought to be advanced is a significant one," and that "the information is likely to advance that interest." Nat'l Archives & Records Admin. v. Favish, 541 U.S. 157, 172 (2004). The only relevant public interest "is one that focuses on 'the citizens' right to be informed about "what the government is up to."'" Davis v. U.S. Dep't of Justice, 968 F.2d 1276, 1282 (D.C. Cir. 1992) (citation omitted).

Here, the government has shown that the withheld information falls well within the ambit of Exemption 7(C). ATF originally compiled the records in Richardson's criminal case for law enforcement purposes, thus satisfying the first requirement of Exemption 7(C). ATF redacted from these records (1) the names of federal and local law enforcement agents and employees, as well as information by which those individuals could be identified; (2) the names of third parties, as well as information by which those individuals could be identified; and (3) information relating

to the serial numbers of handguns associated with the criminal investigation. See Vaughn Index at 1–4; Chisholm Decl. ¶ 12.[5]

Law enforcement personnel and third parties included in investigatory files have a well-recognized and substantial privacy interest in withholding information about their identities. See, e.g., Nation Magazine, Wash. Bureau v. United States Customs Serv., 71 F.3d 885, 894 (D.C. Cir. 1995); Jett v. FBI, 139 F. Supp. 3d 352, 360 (D.D.C. 2015). "Public identification of [law enforcement personnel] could conceivably subject them to harassment and annoyance in the conduct of their official duties and in their private lives." Banks v. U.S. Dep't of Justice, 813 F. Supp. 2d 132, 144 (D.D.C. 2011) (citation omitted). Disclosure of the personal information of third parties included in law enforcement records would pose similar risks. See Nation Magazine, 71 F.3d 885, 894 (noting third parties, witnesses, and informants mentioned in investigatory reports have substantial privacy interests).

The disclosure of the names of individuals mentioned in law enforcement files is only warranted if it serves a significant public interest. When, as here, "governmental misconduct is alleged as the justification for disclosure, the public interest is 'insubstantial'" unless there is "compelling evidence that the agency denying the FOIA request is engaged in illegal activity" and the information sought "is necessary in order to confirm or refute that evidence." Davis, 968 F.2d at 1282 (citation omitted). Such a showing requires "more than a bare suspicion" of official misconduct: "the requester must produce evidence that would warrant a belief by a reasonable person that the alleged Government impropriety might have occurred." Nat'l Archives, 541 U.S. at 174. Only when such evidence is produced "will there exist a counterweight on the FOIA scale

---

[5] Richardson primarily challenges the withholding of the names of law enforcement personnel. See Rule 26 Stmt. at 2. Although he also objects to the redaction of "dates/times" in the reports, see id., the government has not identified any dates or times that were in fact withheld, see Chishold Decl. ¶ 12.

for the court to balance against the cognizable privacy interests in the requested records." Id. at 174–75.

Here, Richardson has failed to present "compelling evidence" that ATF is engaged in misconduct. He primarily asserts that records were fraudulently created by the Petersburg Police Department in the course of the investigation and prosecution of his criminal case. Pl.'s Opp'n at 3. To substantiate his assertion, he submits affidavits from individuals who state that they spoke via telephone with personnel at the Petersburg Police Department regarding its files and that the Department was unable to locate certain records. See Decl. of Latoya Flowers, Ex. D to Pl.'s Opp'n [ECF No. 18-1] at 45; Decl. of Kenneth Allen, Ex. E to Pl.'s Opp'n [ECF No. 18-1] at 47. But the Petersburg Police Department's alleged failure to locate documents in response to an informal request does not suggest that the produced records were fabricated. Moreover, the allegations against the Petersburg Police Department are unrelated to the question of whether ATF—the withholding agency here—is engaged in illegal activity. Richardson has not offered any reason to believe ATF or local law enforcement mishandled discovery in his criminal case, "and under circuit law a bald accusation to that effect does not persuade." Oguanju v. United States, 378 F. 3d. 1115, 1117 (D.C. Cir. 2004). Hence, the Court finds that the asserted individual privacy interests outweigh any potential public interest, and the government is justified in withholding the redacted information pursuant to Exemptions 6 and 7(C).

**B. Segregability**

Under FOIA, "even if [the] agency establishes an exemption, it must nonetheless disclose all reasonably segregable, nonexempt portions of the requested record(s)." Roth, 642 F. 3d at 1167 (citation omitted). "[I]t has long been the rule in this Circuit that non-exempt portions of a document must be disclosed unless they are inextricably intertwined with exempt portions."

Wilderness Soc'y v. U.S. Dep't of Interior, 344 F. Supp. 2d 1, 18 (D.D.C. 2004) (emphasis omitted) (quoting Mead Data Cent., Inc. v. U.S. Dep't of Air Force, 566 F. 2d 242, 260 (D.C. Cir. 1977)). Thus, an agency must provide "'a detailed justification' and not just 'conclusory statements' to demonstrate that all reasonably segregable information has been released." Valfells v. CIA, 717 F. Supp. 2d 110, 120 (D.D.C. 2010) (citation omitted). The provision of an affidavit attesting that the agency performed a review of the documents and a Vaughn index describing each document satisfies FOIA's segregability requirement. See Loving v. Dep't of Defense, 550 F.3d 32, 41 (D.C. Cir. 2008); Johnson v. Exec. Office for U.S. Att'ys, 310 F.3d 772, 776 (D.C. Cir. 2002) (finding "combination of Vaughn index and affidavits" describing the review process was sufficient). "Agencies are entitled to a presumption that they complied with the obligation to disclose reasonably segregable material," which must be overcome by some "quantum of evidence" from the requester. Sussman v. U.S. Marshals Serv., 494 F. 3d 1106, 1117 (D.C. Cir. 2007).

ATF's representation that it reviewed the responsive documents and deemed that all non-exempt and segregable information was produced is sufficient to satisfy this standard. See Chisolm Decl. ¶ 17. Here, defendants provided a Vaughn index describing the withheld documents, as well as an affidavit asserting that the documents have been reviewed and "that no additional information could be released and that all releasable information has been provided to Mr. Richardson." Id. ¶ 17; see also Vaughn Index. Richardson has not provided any basis to question the good-faith presumption afforded to these representations. Moreover, much of the disputed withheld information is names and identifying information, which is unlikely to contain further segregable, releasable material. Hence, the Court concludes that the government has satisfied its segregability obligations under FOIA.

## III. REQUEST FOR IN CAMERA REVIEW & DEPOSITIONS

In furtherance of his allegations that the produced documents were "fabricated," plaintiff seeks an in camera review. Pl.'s Opp'n at 3–6, 11. He requests that the Court examine the records for inconsistencies and compare documents disclosed by defendants with those available from the Petersburg Police Department. Id. Plaintiff additionally argues that he should be permitted to depose by written questions law enforcement personnel who were involved in his criminal case. Id. at 3–4, 11; Amend. to Pl.'s Resp. to Defs.' Reply in Supp. of its Mot. for Summ. J. [ECF No. 23] at 3.

The Court has "broad discretion" over whether to conduct an in camera inspection. ACLU v. U.S. Dep't of Defense, 628 F.3d 612, 626 (D.C. Cir. 2011) (citation omitted). In exercising this discretion, the Court may consider factors such as (1) judicial economy; (2) the conclusory nature of the agency affidavits; (3) possible bad faith on the part of the agency; (4) whether the agency proposes in camera review; (5) disputes as to the actual contents of the document; and (6) the strong public interest in disclosure. Id. at 1298–1300. Considering these factors, including the reasonably detailed nature of the government's declarations and the absence of any evidence of bad faith by the government, the request for in camera review shall be denied. See id.

Richardson's request for leave to take depositions must also be denied. "Discovery in FOIA is rare and should be denied where an agency's declarations are reasonably detailed, submitted in good faith and the court is satisfied that no factual dispute remains." Baker & Hostetler LLP v. U.S. Dep't of Commerce, 473 F. 3d 312, 318 (D.C. Cir. 2006) (citation omitted). The Court is so satisfied. Moreover, Richardson has not requested to depose individuals who were involved in the FOIA search and review process. Instead, the proposed depositions pertain to the

validity of Richardson's underlying conviction—an issue well beyond the appropriate scope of this FOIA action. The Court will therefore deny Richardson's requests for discovery.

## **CONCLUSION**

For the foregoing reasons, the Court concludes that the government has provided sufficient factual detail to establish it conducted a reasonable and adequate search of its records for documents responsive to plaintiff's FOIA and Privacy Act request, and that it properly withheld all documents pursuant to the applicable FOIA exemptions. DOJ and EOUSA have also satisfied the segregability requirement under FOIA. Accordingly, the Court will grant the government's motion for summary judgment. Richardson's requests for <u>in camera</u> inspection and leave to take depositions are denied. A separate Order has been issued on this date.

/s/

JOHN D. BATES
United States District Judge

Dated: September 27, 2018